# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| MICHAEL JOHN HUSTEN, | Case No. 21-CV-1722 (ECT/JFD) |
| Petitioner, | |
| v. | **REPORT AND RECOMMENDATION** |
| PAUL SCHNELL and ROY BOSCH, | |
| Respondents. | |

This matter is before the Court on Petitioner Michael John Husten's filing titled "Petition for Habeas Corpus Order, for a Compassionate Release From Incarceration" (Dkt. No. 1 ("Petition")). For the following reasons, the Court recommends (1) dismissing this action without prejudice and (2) declining to issue Husten a certificate of appealability.

**I.    BACKGROUND**

    **A.    Relevant State-Court Litigation**

In March 2012, Husten pleaded guilty to one count of second-degree murder. *See* Register of Actions, *State v. Husten*, No. 27-CR-12-2130 (Minn. Dist. Ct.).[1] Sentenced to 20 years in prison, Husten was—until recently—incarcerated at the Minnesota Correctional Facility–Stillwater ("MCF-Stillwater"). *See id.*; Pet. 3.

---

[1] This Report and Recommendation cites numerous documents not provided by the parties, but which are publicly accessible court documents. The Court may take judicial notice of public court records. *See, e.g.*, *Purdy v. Wilkins*, No. 21-CV-0315 (SRN/BRT), 2021 WL 3088731, at *1 (D. Minn. July 22, 2021) (citing *Bellino v. Grinde*, No. 18-CV-1013 (NEB/LIB), 2019 WL 368398, at *1 n.1 (D. Minn. Jan. 30, 2019)).

The murder occurred in 1975. *See, e.g.*, *State v. Husten*, No. A12-1337, 2014 WL 1516237, at *1 (Minn. Ct. App. Apr. 21, 2014). The sentencing court thus applied the statute applicable in 1975—Minn. Stat. § 609.19 (1974)[2]—leading to an indeterminate sentence of up to 20 years. *See, e.g.*, Order Granting Def.'s Mot. to Dismiss 1, *Husten v. Schnell*, No. 62-CV-20-3939 (Minn. Dist. Ct. Feb. 3, 2021) (Dkt. No. 14, Ex. F). Under indeterminate sentencing, prisoners received a maximum prison term, and a parole board periodically assessed prisoners to decide if parole was appropriate. *See, e.g.*, *State ex rel. McMaster v. Benson*, 495 N.W.2d 613, 615 (Minn. Ct. App. 1993) (discussing earlier system). In 1980, Minnesota switched to a determinate-sentencing regime. *See, e.g.*, *Fratzke v. Pung*, 378 N.W.2d 112, 113 (Minn. Ct. App. 1985) (discussing change). Under determinate sentencing, judges impose sentences of a particular length, and prisoners do not receive parole (but can be eligible for good-time credit or the like). *See, e.g.*, *id.*

Since his conviction and sentence, Husten has filed numerous state-court petitions for postconviction review. *See* Order & Mem. Denying Pet. for Postconviction Relief 1–4, *Husten v. State*, No. 27-CR-12-2130 (Minn. Dist. Ct. Sept. 14, 2021) (summarizing history). As best as the Court can tell, none of these proceedings bear on Husten's present Petition.

---

[2] The relevant version of § 609.19 reads as follows:

> Whoever causes the death of a human being with intent to effect the death of such person or another, but without premeditation, is guilty of murder in the second degree and may be sentenced to imprisonment for not more than 40 years.

On the other hand, two state-court civil-rights actions filed by Husten *are* relevant here. By way of background: Under Minnesota law, the state's commissioner of corrections can "order that any offender be placed on conditional medical release ["CMR"] before the offender's scheduled supervised release date or target release date if the offender suffers from a grave illness or medical condition and the release poses no threat to the public." Minn. Stat. § 244.05, subd. 8. In May 2020, a state committee addressing COVID-19 concerns granted Husten a CMR. *See, e.g.*, Pet. 3; *see also* Minn. Dep't of Corrs. Mem. to Husten (May 6, 2020) (Dkt. No. 14, Ex. B). The decision was later reversed, on the ground that "[i]ndividuals subject to a parole process are not eligible for COVID-19 related [CMR]." Mem. from Minn. Dep't of Corrs. to Husten (May 11, 2020) (Dkt. No. 14, Ex. C). Husten, of course, was "subject to a parole process" because he had been subjected to indeterminate sentencing.

In June 2020, Husten, represented by counsel, filed a civil-rights complaint in Minnesota state court. *See* Civil Rights Compl. for Declaratory and Injunctive Relief, *Husten v. Schnell*, No. 62-CV-20-3939 (Minn. Dist. Ct. June 29, 2020) (Dkt. No. 14, Ex. D). Proceeding in relevant part under 42 U.S.C. § 1983, Husten argued that (1) the denial of a CMR violated the U.S. Constitution's Equal Protection Clause (essentially because state authorities were treating Husten differently from prisoners sentenced determinately); and (2) his sentence violated the U.S. Constitution's "*ex post facto* provisions." *Id.* at 4. Among the relief Husten sought was "[a]n order requiring [the commissioner of corrections] to declare that [Husten] is eligible for [CMR]." *Id.* at 5.

In August 2020, Husten moved for a temporary injunction, asking the state district court to order that Husten was eligible for CMR. *See* Mem. in Supp. of Mot. for Temporary Relief 1, *Husten v. Schnell*, No. 62-CV-20-3939 (Minn. Dist. Ct. Aug. 11, 2020). The district court denied that motion in September 2020. *See* Order Denying Pl.'s Mot. for Temporary Inj., *Husten v. Schnell*, No. 62-CV-20-3939 (Minn. Dist. Ct. Sept. 23, 2020) (Dkt. No. 14, Ex. E). The defendants filed a motion to dismiss, which the state district court granted in February 2021. *See* Order Granting Def.'s Mot. to Dismiss, *Husten v. Schnell*, No. 62-CV-20-3939 (Minn. Dist. Ct. Feb. 3, 2021) ("February 2021 Order") (Dkt. No. 14, Ex. F). The grounds for the court's order were, in brief, that Husten's claims were "barred by the *Preiser-Heck* doctrine and collateral estoppel."[3] *See id.* at 5.

Husten, still represented by counsel, has appealed the February 2021 Order. *See, e.g.*, Notice of Appeal, *Husten v. Schnell*, No. 62-CV-20-3939 (Minn. Dist. Ct. Mar. 12, 2021) (Dkt. No. 14, Ex. G). That appeal presents two legal issues: (1) whether the "*Preiser-Heck* doctrine [applies] to § 1983 actions brought in state district court," and (2) whether the district court properly exercised its discretion when it decided to apply collateral estoppel. *See* Br. of Appellant, *Husten v. Schnell*, No. A21-0348 (Minn. Ct. App. May 10,

---

[3] Under *Preiser v. Rodriguez*, "when a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." 411 U.S. 475, 500 (1973). Under *Heck v. Humphrey*, "when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." 512 U.S. 477, 487 (1994).

2021) (Dkt. No. 8, Ex. 1.). Oral argument on the appeal occurred on September 21, 2021. *See* Notice of Oral Argument, *Husten v. Schnell*, No. A21-0348 (Minn. Ct. App. Aug. 4, 2021) (Dkt. No. 14, Ex. H). As of today's date, no decision has issued.

The state-court action described above, however, is not Husten's only state-court civil-rights action. On August 3, 2021—after filing the federal habeas Petition in this case—Husten filed a second civil-rights suit in state court. *See* Civil Rights Compl. for Declaratory & Injunctive Relief, *Husten v. Schnell*, No. 82-CV-21-3240 (Minn. Dist. Ct. Aug. 3, 2021). Again proceeding in relevant part under 42 U.S.C. § 1983, this suit raises two main arguments. First, Husten claims that failures by prison staff to enforce facemask restrictions, notwithstanding coronavirus-related dangers, violate the U.S. Constitution's Equal Protection Clause. *See id.* at 5–6. Second, he claims that being forced to live in close conditions with unmasked prisoners and prison staff violates the Eighth Amendment's bar on cruel and unusual punishments. *See id.* at 6–7. Husten's request for relief in this action includes a request for an order that authorities transfer Husten to "a *much-smaller populated*, significantly *less CONGREGATED*, MDOC facility." *Id.* at 7 (emphases and capitalization in original).

On August 12, 2021, a state district court entered an order dismissing Husten's second civil-rights action. *See* Order Dismissing or Restricting Inmate In Forma Pauperis Action at 1, *Husten v. Schnell*, No. 82-CV-21-3240 (Minn. Dist. Ct. Aug. 12, 2021) (Dkt. No. 14, Ex. J). Prepared on a two-page template form, the order states without explanation that Husten's action "has no arguable basis in law or in fact" and is therefore "dismissed with prejudice." *Id.* As of today's date, Husten has not filed a notice of appeal challenging

that decision. *See* Register of Actions, *Husten v. Schnell*, No. 82-CV-21-3240 (Minn. Dist. Ct. Aug. 12, 2021).

### B. The Present Petition

With this procedural background in place, the Court turns to the present Petition. Husten's filing is labelled "Petition for Habeas Corpus Order, for a Compassionate-Release from Incarceration." (Pet. at 1.) He asks this Court for "an Order of immediate Release from in-prison custody" as well as "a 'Compassionate Release.'" (*Id.*) He purports to file this petition under a variety of regulations and statutes, including 28 C.F.R. § 571, 28 C.F.R. § 572, 28 U.S.C. § 2243, 28 U.S.C. § 2241, 28 U.S.C. § 2254, and 18 U.S.C. § 3582(c)(1)(A). (*See* Pet. at 1.)

The Petition states that it presents only one ground for habeas relief. (*See* Pet. at 4 (referring to "Ground One" as "Only Issue").) Husten briefly discusses the decision not to provide him a CMR. *See id.* at 3. He then contends that this decision put his "safety and well being" at risk. (*Id.* at 5.) He asserts that numerous prisoners and staff at MCF-Stillwater refuse to wear facemasks. (*See id.* at 6.) As a result, he contends that if he is not "released from Stillwater Prison (AND any other '*Congregate Cluster*') of a prison-population facility/environment, HE WILL SOON DIE." (*Id.*) (emphasis and capitalization in original). Husten claims that his continued confinement violates the Eighth Amendment. (*See id.*)

On August 9, 2021, after reviewing the Petition, the Court issued an order requiring that Husten "show cause why the Court should not dismiss this matter due to Husten's failure to exhaust his state remedies." (Order at 1, Dkt. No. 4.) Noting that the Petition

6

mentioned Husten's pending litigation (discussed above) before the Minnesota Court of Appeals, the Court expressed concern that Husten may not have exhausted his state remedies, a necessity for a § 2254 petition. (*See id.* at 3–4.) The Court thus gave Husten an opportunity to explain how this action complied with 28 U.S.C. § 2254(b)'s exhaustion requirement. (*See id.*)

Husten responded on August 26, 2021. (Dkt. No. 6.) His filing stresses that he means to press only one issue in the present Petition—specifically, that his conditions of confinement violate the U.S. Constitution's Eighth Amendment bar on cruel and unusual punishment. (*Id.* at 1.) Husten also claims that he is unable to exhaust state remedies here because of a purported lack of an available state corrective process and/or because circumstances make that process ineffective to protect Husten's rights. (*See id.* at 3.) Respondents replied to Husten's show-cause response on September 13, 2021. (Dkt. No. 13.) Respondents ask the Court to dismiss the petition because Husten has available state court remedies for raising his Eighth Amendment challenge to the conditions of his confinement and he has not yet exhausted those remedies. (*Id.* at 2.)

One final note concerning Husten's case history bears mention. As noted above, when Husten filed the Petition, he was a prisoner at MCF-Stillwater. (*See, e.g.*, Pet. at 3.) On September 15, 2021, the Court received a notice from Husten indicating that authorities transferred him to the Minnesota Correctional Facility in Moose Lake, Minnesota ("MCF–Moose Lake"). (Notice of Address Change, Dkt. No. 16.)

## II.     ANALYSIS

### A.    Applicable Statutes

As a preliminary matter, the Court addresses the various statutes Husten cites in the Petition. As noted above, he cites at least six statutes or regulations, but the bulk of these have nothing to do with this action, as the Court noted in its prior Order (Dkt. No. 4). For example, 28 C.F.R. §§ 571 and 572 concern release of prisoners from the custody of federal prison (§ 571) and certain compassionate-release and parole procedures for federal prisoners (§ 572). Neither applies to state prisoners like Husten. Similarly, 18 U.S.C. § 3582(c)(1)(A) concerns modifications to prison terms imposed on federal prisoners; it does not relate to state prisoners.

The other statutes that Husten cites concern habeas corpus. But 28 U.S.C. § 2243 merely establishes certain procedures for some habeas petitions; it is not a direct source of habeas relief. Of the statutory sources of habeas relief that Husten does cite—§ 2241 and § 2254—he must proceed under § 2254. As the Eighth Circuit has concluded, a "'person in custody pursuant to the judgment of a State court'"—like Husten—"can only obtain habeas relief through § 2254, no matter how his pleadings are styled." *Crouch v. Norris*, 251 F.3d 720, 723 (8th Cir. 2001) (quoting § 2254 and citing cases). Given this discussion, the Court construes the Petition as brought pursuant to 28 U.S.C. § 2254.[4]

---

[4] Generally, prisoners bringing conditions-of-confinement claims must bring them in non-habeas civil actions. But when a prisoner claims that release is the only effective remedy for unconstitutional conditions of confinement, courts in this District have held that such claims can be raised in habeas proceedings. *See, e.g.*, *Amen El v. Schnell*, No. 21-CV-0156 (NEB/ECW), 2021 WL 2323209, at *2 (D. Minn. Feb. 11, 2021), *R. & R. adopted*, 2021 WL 1827784 (D. Minn. May 7, 2021).

**B.    Mootness**

As noted above, it appears that in September 2021, authorities transferred Husten from MCF-Stillwater to MCF–Moose Lake. This raises the question of whether some or all of this action is now moot.

Under Article III of the U.S. Constitution, the federal courts have the authority to decide "Cases" and "Controversies." U.S. Const. art. III, § 2. "A case that becomes moot at any point during the proceedings is 'no longer a "Case" or "Controversy" for purposes of Article III,' and is outside the jurisdiction of the federal courts." *United States v. Sanchez-Gomez*, 138 S. Ct. 1532, 1537 (2018) (quoting *Already, LLC v. Nike, Inc.,* 568 U.S. 85, 91 (2013)). For an action to avoid becoming moot, "'an actual controversy must exist not only at the time the complaint is filed, but through all stages of the litigation.'" *Kingdomware Techs., Inc. v. United States*, 136 S. Ct. 1969, 1975 (2016) (quoting *Already, LLC*, 568 U.S. at 90–91). In other words, "[a] case becomes moot . . . 'when the issues presented are no longer "live" or the parties lack a legally cognizable interest in the outcome.'" *Already, LLC*, 568 U.S. at 91 (quoting *Murphy v. Hunt*, 455 U.S. 478, 481 (1982) (per curiam)).

To the extent this action concerns the constitutionality of Husten's confinement at MCF-Stillwater, it is now moot: he is no longer there. Numerous cases establish that when a prisoner seeks declaratory or injunctive relief based on institutional conditions of confinement, but is transferred to another institution, the prisoner's institution-specific claims become moot. *See, e.g.*, *Gladson v. Iowa Dep't of Corr.*, 551 F.3d 825, 835 (8th Cir. 2009); *Smith v. Hundley*, 190 F.3d 852, 855 (8th Cir. 1999). This rule applies to habeas

actions as well. *See, e.g.*, *Thompson v. Smith*, 719 F.2d 938, 941 (8th Cir. 1983) (citing *Willis v. Ciccone*, 506 F.2d 1011 (8th Cir. 1974)); *Hageman v. Minn. Dep't of Corr.*, No. 20-CV-2662 (SRN/DTS), 2021 WL 2482071, at *3 (D. Minn. May 24, 2021), *R. & R. adopted*, 2021 WL 2476769 (D. Minn. June 17, 2021).

Because Husten is no longer subject to conditions at MCF-Stillwater, this action is moot to the extent it demands habeas relief on the basis of those conditions.[5] Husten's claim for habeas relief based on MCF-Stillwater's conditions should be denied without prejudice as moot.

C.     **Exhaustion**

Once one omits Husten's claims against MCF-Stillwater, his remaining claims are claims against Minnesota correctional institutions in general. He arguably presents such a claim: he contends that prisoners and correctional officers *throughout Minnesota prisons* are failing to wear facemasks. (*See* Pet. 6 (suggesting that Husten is at risk in any "congregate cluster" in a "prison-population facility/[environment]"). The upshot, arguably, is that Husten's confinement anywhere in the Minnesota prison system is unconstitutional, thus requiring his release.

---

[5] An exception to the mootness rule exists for cases that are "capable of repetition, yet evading review." This applies "when (1) the challenged action is of too short a duration to be fully litigated prior to its cessation or expiration, and (2) there is a reasonable expectation that the same complaining party will be subject to the same action again." *Minn. Humane Soc'y v. Clark*, 184 F.3d 795, 797 (8th Cir. 1999) (citing *Hickman v. Missouri*, 144 F.3d 1141, 1142–43 (8th Cir. 1998)); *see also Whitfield v. Thurston*, 3 F.4th 1045, 1047 (8th Cir. 2021) (using similar formulation (quoting *Weinstein v. Bradford*, 423 U.S. 147, 149 (1975)). Putting aside the first element here, review of this action's filings provides no "reasonable expectation" that authorities will transfer Husten back to MCF-Stillwater.

Because the Petition is subject to § 2254, the Court must address the question of exhaustion. Under § 2254(b)(1),

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that—
>
> (A)    the applicant has exhausted the remedies available in the courts of the State; or
>
> (B)    (i)    there is an absence of available State corrective process; or
>
>        (ii)    circumstances exist that render such process ineffective to protect the rights of the applicant.

28 U.S.C. § 2254(b)(1).

For exhaustion to occur, a petitioner must "give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the state courts." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); *see also, e.g.*, *Amen El v. Schnell*, No. 21-CV-0156 (NEB/ECW), 2021 WL 1827784, at *2 (D. Minn. May 7, 2021) (making same point). In the Minnesota courts, this requires presenting a claim to the Minnesota Supreme Court. *See, e.g.*, *Turnage v. Fabian*, 606 F.3d 933, 936 (8th Cir. 2010); *Avila v. Janssen*, No. 19-CV-3112 (PJS/ECW), 2020 WL 8093350, at *4 (D. Minn. Dec. 22, 2020) (citing *Fraction v. Minnesota*, 678 F. Supp. 2d 908, 916 (D. Minn. 2008)), *R. & R. adopted*, 2021 WL 855989 (D. Minn. Jan. 25, 2021).

As part of his show-cause filing, Husten submitted the appellate brief provided to the Minnesota Court of Appeals in his appeal from the state district court's February 2021 Order. (Dkt. No. 8 at 3–19.) That brief does not address whether facemask issues in

11

Minnesota prisons generate unconstitutional conditions of confinement. (*See generally id.* at 6–7 (summarizing legal issues on appeal).) That appeal, then, has not exhausted—indeed, cannot exhaust—the claim that remains for this Court's consideration.

This leaves Husten's second state civil-rights action. For at least two reasons, that action also does not provide the needed exhaustion. First, after the state district court dismissed the action as frivolous, Husten failed to appeal that determination to the Minnesota Court of Appeals. At this point, it appears that Husten no longer can appeal that determination; his time to do so has expired.

Furthermore, while Husten's second civil-rights action does raise an Eighth Amendment issue, the specific issue raised is whether conditions at MCF-Stillwater are unconstitutional. After all, the key relief that action seeks is not outright release from confinement, but rather an order demanding Husten's transfer to "a *much-smaller populated*, significantly *less CONGREGATED*, MDOC facility." The remaining issue in the present Petition is different: that issue is not whether *MCF-Stillwater* conditions are problematic, but whether *systemwide* conditions are problematic. The second civil-rights action does not press that claim. As a result, Husten's second state civil-rights action also has not exhausted (and could not exhaust) his state remedies on the remaining issue in this federal habeas action.

The Court thus concludes that Husten has not exhausted his state remedies as needed for this Petition to proceed. As noted above, however, Husten's show-cause response asserts that exhaustion is unnecessary. Referring to 28 U.S.C. § 2254(b)(1)(B), he claims both that "there is an absence of available State corrective process" and that "circumstances

12

exist that render such process ineffective to protect the rights of the applicant." The Court will address these in turn.

With respect to the availability of "State corrective process," the Court cannot agree with Husten. This exception applies when "there is no opportunity to obtain redress in state court." *Duckworth v. Serrano*, 454 U.S. 1, 3 (1981) (citing *Wilwording v. Swenson*, 404 U.S. 249, 250 (1971)); *see also Thomas v. Roy*, No. 14-CV-1245 (SRN/JJK), 2014 WL 2115497, at *3 (D. Minn. May 21, 2014) (quoting *Duckworth*). But as Respondents point out, Husten is able to raise an Eighth Amendment claim in a state § 1983 action, and can possibly file a habeas claim in state court. (*See* Dkt. No. 13 at 5.) A state remedy is available for purposes of § 2254(b)(1)(B)(i).

This leaves Husten's contention that circumstances exist making his state remedies ineffective. This exception applies when the relevant "corrective process is so clearly deficient as to render futile any effort to obtain relief." *Duckworth*, 454 U.S. at 3 (citing *Wilwording*, 404 U.S. at 250). Husten appears to contend that because the conditions in Minnesota prisons are unsafe (because of the failure of prison staff to wear masks) and could cause him imminent harm, reliance on state process is ineffective. The Court acknowledges that the Eighth Circuit, in *Welch v. Lund*, 616 F.3d 756, 760 (8th Cir. 2010), noted that a relevant exhaustion exception applies when "an inordinate and unjustifiable delay renders the state's process ineffective to protect the petitioner's rights." But the Eighth Circuit has also stated that for this exception to apply, "[p]etitioners generally must also show the existence of some additional factor (for example, that 'state delay is a result of discrimination against the petitioner,' or that the State has been 'unnecessarily and

13

intentionally dilatory[.]'" *Jones v. Solem*, 739 F.2d 329, 331 (8th Cir. 1984) (quoting *Mucie v. Missouri State Dep't. of Corrections,* 543 F.2d 633, 636 (8th Cir. 1976)); *see also, e.g.*, *Krotzer v. Chapman*, No. 15-CV-2750 (DSD/JSM), 2015 WL 5158715, at *1 (D. Minn. Sept. 2, 2015) (citing *Jones*). Husten has made no such showing.

In summary, then, the Court concludes that as to the Eighth Amendment issue remaining for consideration, Husten has failed to exhaust his state remedies, and statutory exceptions to the exhaustion requirement do not apply. As a result, this Court lacks jurisdiction to address the Petition's remaining claim. The Court therefore recommends dismissing the Petition without prejudice as to that issue. Because the remainder of the Petition is also being dismissed on jurisdictional grounds—i.e., mootness—the Court recommends dismissing this action without prejudice in its entirety.

### D.   Certificate of Appealability

As a final matter: a § 2254 petitioner cannot appeal an adverse ruling on his petition unless he is granted a certificate of appealability ("COA"). *See* 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1). A court may not grant a COA unless the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Furthermore, "[w]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim"—as is happening in part here— "a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In this case, it is

highly unlikely that any other court, including the Eighth Circuit, would treat the Petition differently than this Court is treating it here. The Court therefore recommends not granting Husten a COA in this matter.

### III. RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED THAT**:

1. This action be **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction; and

2. No certificate of appealability be issued.


Dated: November 3, 2021        *s/ John F. Docherty*
                               JOHN F. DOCHERTY
                               United States Magistrate Judge


### NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals. Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. *See* D. Minn. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).